UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

        -against-

OVERCOMING LOVE MINISTRIES, INC.

                Defendant.

-----------------------------------------------------X

16 CV 1853 (SJ) (JO)

<u>MEMORANDUM
AND ORDER</u>

A P P E A R A N C E S

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY 11201
By:    Matthew J. Mailloux
        Assistant United States Attorney
*Attorney for Plaintiff*

LAW OFFICES OF NOLAN KLEIN, P.A.
39 Broadway, Suite 2250
New York, NY 10006
By:    Nolan Keith Klein
*Attorneys for Defendant*

JOHNSON, Senior District Judge:

Plaintiff United States of America brings this action against Overcoming Love Ministries, Inc. ("OLM") pursuant to New York State property law. Presently before the Court is Plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 seeking a declaration that it has exclusive title to the property at issue. Based on the submissions of the parties, and for the reasons stated below, Plaintiff's motion is GRANTED in its entirety.

## BACKGROUND

The parties attest that none of the material facts of this case are in dispute. (See Dkt. No. 29-2 (Joint 56.1 Statement).) The McKinney-Vento Homeless Assistance Act (the "Act") allows the government to identify surplus and under-used public property, which can be transferred to eligible parties for the purposes of providing "certain homeless assistance purposes." Joint 56.1 Statement ¶ 3; 42 U.S.C. § 11301, et seq. After application and approval processes that began on February 20, 2007, the United States conveyed property located at 5 32nd Street, Brooklyn, New York (the "Property"), to OLM pursuant to the Act via quitclaim deed (the "Deed") on August 12, 2011. (Joint 56.1 Statement ¶¶ 5–19.) OLM's approved program would convert the Property into a 200-unit supportive housing facility for homeless families. (Id. ¶ 6.)

1

The Deed contains certain conditions subsequent that, if breached, result in the automatic reversion of the Property back to the United States. (Id. ¶¶ 20–21.) OLM intentionally failed to sign page 12 of the Deed, which included a signature line. (Id. ¶ 29.). MacGregor Abstract Corp. ("MacGregor") filed the Deed with the City of New York on OLM's behalf on December 22, 2011. (Id. ¶ 27.) The Deed was recorded on January 5, 2012. (Id.)

At the time that the Department of Housing and Urban Development ("HUD") identified the Property and made it available for transfer pursuant to the Act, the Property was zoned "Industrial/Commercial" (or MM3-1). (Joint 56.1 Statement ¶ 31.) Neither party investigated the local zoning ordinances prior to the application and approval processes. The Department of Health and Human Services ("HHS"), which oversaw the application process, expected applicants to do their "due diligence" with respect to zoning. (Id. ¶¶ 33–35.) OLM notified HHS within a month of conveyance that its project conflicted with the Property's zoning designation. (Id. ¶ 37.)

OLM spent about $213,000 attempting to rezone the Property and put it into use according to the terms of the Deed and the Act. (Id. ¶ 40.) HHS had no legal obligation to assist OLM in this effort. (Id. ¶ 39.) Starting on September 10, 2014, HHS provided OLM with opportunities to submit a revised proposal for the Property. (Id. ¶ 43.) On April 17, 2015, HHS sent OLM a notice that it intended to revert the Property back to the United States. OLM submitted a "required exit

report" the following month to comply with reporting requirements. (Joint 56.1 Statement ¶¶ 48–49.) HHS submitted a Notice of Reverter to the City of New York for recording on September 25, 2015. (Id. ¶ 54.)

## STANDARD OF REVIEW

It is well-settled that a party moving for summary judgment has the burden of establishing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Ford v. Reynolds, 316 F. 3d 351, 354 (2d Cir. 2003). Material facts are those that may affect the outcome of the case. See Anderson, 477 U.S. at 248. An issue of fact is considered "genuine" when a reasonable finder of fact could render a verdict in favor of the nonmoving party. Id.

In considering a summary judgment motion, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 248). If the Court recognizes any material issues of fact, summary judgment is improper, and the motion must be denied. See Anthony v. City of New York, 339 F.3d 129, 134 (2d Cir. 2003).

In New York, the right of reversion for real property is governed by the New York Real Property Actions and Proceedings Law. A right of reversion is

3

automatic when the breached condition subsequent was created in a conveyance for "benevolent, charitable, educational, public or religious purposes and restricts the use of land to such a purpose . . . ." N.Y. Real Property Law § 1953(4); see also N.Y.C. Econ. Dev. Corp. v. Corn Exch., LLC, 867 N.Y.S.2d 868, 873 (N.Y. Sup. Ct. Aug. 19, 2008) ("Thus to the extent that [section 1953] excludes a condition subsequent created in a conveyance that is for 'benevolent, charitable, educational, public or religious purposes,' it permits the automatic exercise of a right of entry that was otherwise permitted by the common law."). Summary judgment is the appropriate mechanism for a court to declare that an automatic reversion has occurred. See, e.g., N.Y.C. Econ. Dev. Corp. v. Corn Exch., LLC, 2009 WL 620245, at *11 (N.Y. Sup. Ct. Jan. 29, 2009) (granting plaintiff's motion for summary judgment and request for declaration that it has exclusive title to the property at issue).

## DISCUSSION

The Deed contains the following conditions subsequent to transfer:

1. That for a period of thirty (30) years from the date hereof the Property herein conveyed will be used continuously for health purposes in accordance with [OLM]'s approved program of utilization as set forth in its application dated February 20, 2007 and amended on March 20, 2007 and April 9, 2007 and for no other purpose;

2. That during the aforesaid period of thirty (30) years [OLM] will not resell, lease, mortgage, or encumber or otherwise dispose of any part of the Property or interest therein except as [HHS] or its successor in function may authorize in writing;

4

> 3. Where construction or major renovation is not required or proposed, the Property must be placed into use within twelve (12) months from the date of this Deed. Where construction or major renovation is contemplated at the time of transfer, the Property must be placed into use within thirty-six (36) months from the date of this Deed . . . .

(See Joint 56.1 Statement ¶ 20, Ex. A at p. 3 ¶¶ 1–3.) The Deed further provides that:

> In the event of a breach of any of the conditions subsequent set forth above, whether caused by the legal or other inability of [OLM], its successors and assigns, to perform any of the obligations herein set forth, [HHS] or its successor in function will, at its option, have an immediate right of reentry thereon, and to cause all right, title, and interest in and to the Property to revert to the United States of America, and [OLM], its successors and assigns, shall forfeit all right, title, and interest in and to the Property and to any and all of the tenements, hereditaments, and appurtenances thereunto belonging;

(See Joint 56.1 Statement ¶ 21, Ex. A at p. 4.) Additionally, the Deed provides:

> PROVIDED, HOWEVER, that the failure of [HHS] or its successor in function to insist in any one or more instance upon complete performance of any of the said conditions subsequent shall not be construed as a waiver of or a relinquishment of the future performance of any of said conditions subsequent, but the obligations of [OLM] with respect to such future performance shall continue in full force and effect;

(See Joint 56.1 Statement ¶ 22, Ex. A at p. 4.)

The parties do not dispute that Defendant failed to comply with two of the conditions subsequent contained in the Deed. (Joint 56.1 Statement ¶¶ 37, 42.) Defendant failed to use the Property continuously for thirty years consistent with the purposes outlined in OLM's application, and further failed to put the Property into use within three years of the transfer. Plaintiff argues that these breaches

5

triggered its automatic right of reversion. Defendant counters that the Property did not automatically revert because Plaintiff breached the implied covenant of good faith, and waived the conditions subsequent by offering the Property for a purpose that did not comply with local law, approving a proposal that could not be executed under local law and by allowing Defendant to submit a revised proposal that would comply with local law.

### A. Plaintiff Did Not Breach the Implied Covenant of Good Faith

Defendant argues that Plaintiff breached the implied covenant of good faith by offering the Property for a purpose that was impossible to legally comply with. This argument is without merit.

It is well-established under New York law that "[w]ithin every contract is an implied covenant of good faith and fair dealing. This covenant is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement." Aventine Inv. Mgmt., Inc. v. Canadian Imperial Bank of Commerce, 697 N.Y.S.2d 128, 130 (2d Dep't 1999) (internal citations omitted). Defendant argues that Plaintiff breached this covenant by offering the Property and approving its application despite the Property's zoning restrictions. But Defendant does not point to any actions taken by Plaintiff that serve to deprive Defendant of its right to benefit under the Deed. The parties do not dispute that Plaintiff performed under the Deed (see generally Joint 56.1

6

Statement), or that Plaintiff had no legal obligation to assist Defendant in its attempt to rezone the Property and put it into use according to the terms of the Deed and the Act.  Id. ¶ 39; see also Broder v. Cablevision Sys. Corp., 418 F.3d 187, 198–99 (2d Cir. 2005) (noting that the implied covenant of good faith does not create affirmative obligations that are not are otherwise not included in a contract).

Further, the Court will not imply any obligation "which would be inconsistent with other terms of the contractual relationship." Suthers v. Amgen Inc., 441 F. Supp. 2d 478, 485 (S.D.N.Y. 2006) (citing Horn v. N.Y. Times, 100 N.Y.2d 85, 92 (2003)).  As noted, the Deed includes a clause that grants a reversionary right to Plaintiff if Defendant breached a condition subsequent. Moreover, the Deed explicitly states that Defendant bears the risk of nonperformance in the event of legal impossibility.  (See Joint 56.1 Statement, Ex. A at p. 3.)  A finding that Plaintiff breached the implied covenant of good faith would be inconsistent with the other terms of the Deed.  Having found that Plaintiff did not breach the implied covenant of good faith, the Court next addresses whether Plaintiff waived any of the Deed's conditions subsequent.

**B. Plaintiff Did Not Waive Any of the Deed's Conditions Subsequent**

Defendant argues that Plaintiff waived the Deed's conditions subsequent by providing Defendant with the opportunity to submit a revised proposal that complied with local law after it became aware that the existing proposal did not. Defendant further argues that its failure to sign page 12 of the Deed, and Plaintiff's

failure to demand amendment, constitute a waiver of the conditions subsequent. Both of these arguments are without merit.

In order to transfer real property under New York law, the grantor of the property must present a deed to the grantee for acceptance. A deed is considered delivered when it has been presented and accepted. See N.Y. Real Property Law § 244; see also D'Urso v. Scuotto, 489 N.Y.S.2d 294, 296 (2d Dep't 1985) ("It is well settled that to effectuate a transfer of property there must be a delivery of the deed and an acceptance by the grantee."). When a party records a deed, as Defendant did here with the City of New York, it is "prima facie and presumptive evidence of delivery." See Sweetland v. Buell, 164 N.Y. 541, 552 (1900). This is essentially black letter contract law. Defendant is bound by the terms of the Deed irrespective of the fact that it did not file the page including its representative signature. The fact that Defendant failed to include the page containing its signature when it filed the Deed does not, as Defendant suggests, remove the conditions subsequent and right of reverter from the conveyance. In fact, the more logical effect, if any, of the missing signature page would be that Defendant never accepted the Deed, and that the Property never transferred to Defendant in the first place.

Moreover, the Deed expressly provides that "the failure of [Plaintiff] . . . to insist in any one or more instance upon complete performance of any of the said conditions subsequent shall not be construed as a waiver of or a relinquishment of

the future performance of any of said conditions subsequent[.]" (Joint 56.1 Statement ¶ 22, Ex. A at p. 4.)  Defendant makes no argument that this provision is unreasonably restrictive or unenforceable.  Accordingly, the Court finds that Plaintiff did not waive any of the conditions subsequent contained in the Deed.  The Property therefore reverted to Plaintiff upon Defendant's breach of the Deed's conditions subsequent.

## **CONCLUSION**

For the aforementioned reasons, Plaintiff's motion for summary judgment is GRANTED.  The Court issues a declaration that Plaintiff United States has exclusive title to the Property.  Any of the Defendant's remaining arguments have been considered and are without merit.  The Clerk of the Court is directed to enter judgment in accordance with this order and close this case.

SO ORDERED.

Dated: August 24, 2018                                      /s/
       Brooklyn, New York                     Sterling Johnson, Jr., U.S.D.J.